In re Andrew J. MERCER, Bankrupt.

**A. Stephenson WALLACE, Trustee,
Appellant,**

v.

**Andrew J. MERCER, Appellee.**

No. 79–3686.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 3, 1980.
Rehearing Denied Jan. 6, 1981.

A. Stephenson Wallace, Augusta, Ga., pro se.

Surrett, Choate & Walker, James D. Walker, Jr., Augusta, Ga., for appellee.

Before TUTTLE, GODBOLD and HILL, Circuit Judges.

TUTTLE, Circuit Judge:

The plaintiff–appellant trustee in bankruptcy brought a complaint for turnover order against defendant–appellee bankrupt alleging that a certain judgment and the proceeds thereof owned by the bankrupt were an asset of the bankruptcy estate. The bankrupt answered, denying that the judgment was an asset of the estate, claiming instead, that since the judgment was on appeal to the Court of Appeals of the State of Georgia and was a judgment based upon a personal tort, it did not become property of the bankrupt before bankruptcy.

The facts are undisputed. On May 1, 1978, Mercer obtained a judgment in the State Court of Richmond County against one James Felton in the amount of $20,000. On May 2, 1978, execution issued and was recorded on May 4, 1978. The judgment was based on an action for personal injury. The judgment defendant moved for a new trial in the state court, whereupon the court ordered that a supersedeas bond be filed. This bond was never filed as required by the court. The motion for a new trial was subsequently denied by the trial court and the defendant in that action appealed to the Georgia Court of Appeals where a decision had not been rendered when Mercer filed his voluntary petition in bankruptcy on December 15, 1978. Subsequent to the filing of the bankruptcy petition, the judgment of the lower court was affirmed by the Court of Appeals. Upon affirmance, the judgment defendant paid the amount of the judgment to the bankrupt, and those pro-

ceeds are now being held in trust by the attorney for the bankrupt.

The parties agree that this case is ruled by the proper interpretation of Section 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5) (1964). This section in pertinent part provides as follows:

The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it to property which is held to be exempt, to all the following kinds of property wherever located.... (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process....

The appellant contends that the judgment entered in favor of the bankrupt against the state tortfeasor was "property, including rights of action, which prior to the filing of the petition he could by any means have transferred...."

Appellee, on the other hand, contends that although reduced to a judgment, the claim of the bankrupt fell within the proviso "that rights of action ex delicto for libel, slander, injuries to the person of the bankrupt *or of a relative* ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process...." Briefly stated, the appellee contended, and the district court affirmed the bankruptcy judge's

determination, that in spite of the fact that the tort claim had been reduced to a judgment, it was still a "right of action" for an injury to the person while on appeal to the State Court of Appeals, and that it was not "subject to attachment, execution, garnishment, sequestration or other judicial process," and therefore did not pass to the bankruptcy trustee.

The trustee relies upon a Georgia statute relating to the transferability of judgments, which he says makes no exception in the case of a judgment resulting from a personal injury action or a judgment on appeal. This section provides:

Any plaintiff or transferee may bona fide, and for a valuable consideration, transfer any judgment to a third person, and in all cases the transferee of any judgment shall have the same rights, and be subject to the same equities and to the same defenses as the original plaintiff in judgment was.

Ga.Code Ann. § 110–901.

This statute makes no reference to what is termed by the appellee here to be "finality" of a judgment after an appeal. Moreover, we note that in an early Georgia case, the State Supreme Court clearly indicated that a judgment following a jury verdict was considered as a final judgment in the state of Georgia because as is said in that opinion, it is only a final judgment that can be reviewed by writ of error by the appellate courts in that state. The State Supreme Court said:

A judgment recovered in an action for a tort is not assignable before it comes into being, that is, before it has been rendered or entered up, although a verdict has been returned upon which judgment can be and is afterwards signed. The plaintiff acquires title, not by the verdict, but by the judgment, and until its rendition he has no title to assign; until then his action for the tort is not terminated, but still is pending and in progress.

*Gamble v. Central Railroad & Banking Co.,* 80 Ga. at 595, 7 S.E. 315.

The court also stated:

Nor, until after final judgment, can either party, as a general rule, have a writ of error, the reason being that prior to that stage the action has not terminated.

Our view that the trial court's judgment in favor of the bankrupt became property "which prior to the filing of the petition he could by any means have transferred" is in accord with the views expressed in *Collier on Bankruptcy*, 14th Edition:

Where a cause of action belonging to the bankrupt has been merged into judgment prior to bankruptcy, the trustee will, of course, succeed to all rights under such judgment so long as it is transferable or leviable under state law. Consequently, the merger into judgment of a cause of action ex delicto for personal injuries, or some similar action not in itself assignable or subject to execution, may create an asset that will pass to the trustee where the original action would not, provided the judgment is rendered prior to bankruptcy. But where in an action for personal injuries only a verdict has been obtained before bankruptcy, and a final judgment has not been secured, the verdict will not serve to transform such cause of action into an asset of the estate.

*Collier on Bankruptcy*, 14th Edition, § 70.-28[8].

We conclude that the court erred in holding that the bankrupt's judgment, later affirmed on appeal, was merely a "right of action ex delicto for ... injuries to the person of the bankrupt" rather than "property ... which prior to the filing of the petition he could ... have transferred."

The judgment is REVERSED and the case is REMANDED to the trial court for further proceedings.